IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMERCE BANK, N.A.<br><br>Plaintiff,<br>v.<br><br>S/V "FALCON," Her Engines, Rigging, Tackle, Apparel, Appurtenances, etc., In Rem, and FALCON PROMOTIONAL SERVICES, LLC, In Personam;<br><br>Defendants. | CIVIL ACTION NO.<br>**IN ADMIRALTY**<br><br>CA 06 439 T-DLM |

**VERIFIED COMPLAINT**

Plaintiff, Commerce Bank, N.A. by and through its undersigned counsel, herewith seeks foreclosure of a Preferred Ship Mortgage, arrest of the sailing vessel ("S/V") FALCON under Supplemental Rule C, Admiralty and Maritime Claims, and judgment against Falcon Promotional Services, LLC. In support thereof, Plaintiff avers as follows:

1. The Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §1333.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as will hereinafter be made to appear.

3. Plaintiff, Commerce Bank, N.A. (hereinafter "Commerce" or "Plaintiff"), is a corporation organized and existing under the laws of New Jersey, with its principal place of business at 6000 Atrium Way, Mt. Laurel, NJ. Plaintiff is a successor by merger of the rights, assets and interests of Commerce Bank/Shore, N.A.

4. Defendant, Falcon Promotional Services, LLC (hereinafter "FPS"), is a limited liability corporation organized under the laws of the State of Rhode Island, with its principal place of business at 47 Long Wharf Mall, Newport, RI 02640.

5. The S/V FALCON, official number 1141354 (hereinafter, together with all her engines, rigging, tackle, appurtenances, etc., the "Vessel") is presently or will be during the pendency of this action within this District and within the jurisdiction of this Honorable Court.

6. On or about March 5, 2003, Mark Minkus ("Minkus"), an individual who is not named as a Defendant herein, became indebted to Plaintiff, as evidenced by the terms of a Promissory Note (hereinafter the "Note") issued by Minkus and delivered to Plaintiff, in the amount of $1,200,000. A copy of the Note is attached hereto as Exhibit "A."

7. Also on March 5, 2003, in order to secure the debt of Minkus to Plaintiff and for other valuable consideration, FPS executed and delivered to Plaintiff its Commercial Guaranty, a copy of which is attached as Exhibit "B," and a first preferred ship mortgage upon the Vessel (hereinafter the "Mortgage"). A copy of said Mortgage is attached hereto as Exhibit "C."

8. The Mortgage stated that the interest of FPS in the Vessel, and the interest conveyed or mortgaged, was the whole thereof, and the Mortgage was duly recorded in the National Vessel Documentation Center at Falling Waters, WV, in Book 03-59, Page 496, at 11:55 a.m. on May 2, 2003, which record duly shows the name of the vessel, the names of the parties to the Mortgage, the time and date of the reception of the mortgage, and the interest in the Vessel mortgaged, all in accordance with the Ship Mortgage Act., 46 U.S.C. §§31321-31330.

9. All conditions to the validity of the Mortgage, including execution, recordation, etc., under the Ship Mortgage Act, 46 U.S.C. §§31321-31330, having been complied with, said Mortgage, as so recorded and endorsed, constitutes a "preferred mortgage" upon the Vessel, as that term is used in 46 U.S.C. §§31322.

10. On or about April 5, 2006, Minkus failed to make the payment then due in accordance with the Note, which failure constituted a default under the Note. Plaintiff duly informed Minkus that he was thereby in default under the Note and demanded immediate payment of the loan in full. Minkus' failure to make payments and default has persisted until the current date. On August 14, 2006, Minkus filed a petition for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code in the District of New Jersey.

11. The Commercial Guaranty given by FPS to Plaintiff contains, inter alia, the following language:

> [Paragraph 3] CONTINUING UNLIMITED GUARANTY. For good and valuable consideration, Falcon Promotional Services, LLC ("Guarantor") absolutely and unconditionally guarantees and promises to pay to Commerce Bank, N.A. ("Lender") or its order, in legal tender of the United States of America, the Indebtedness ... of Mark Minkus ("Borrower") to Lender on the terms and conditions set forth in this Guaranty. Under this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing.

12. In light of Minkus' failure to make payments and his declaration of bankruptcy, Plaintiff has made demand upon FPS for payment of the Minkus indebtedness, but FPS has failed to make any payment to Plaintiff whatsoever.

13. The failures of Minkus and FPS to pay Plaintiff the amounts due under the Note and Commercial Guaranty constitute events of a default under the Mortgage, entitling Plaintiff

to exercise all available remedies, including the foreclosure of the Mortgage, and the arrest and sale of the Vessel in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims.

14. As a result of the aforesaid defaults and pursuant to said the Note and Guaranty, there is due and owing to Plaintiff, as of August 23, 2006, the sum of $1,141,010.20, plus per diem interest at the rate of $205.86. Other expenses recoverable under said Mortgage, including legal expenses, have been and will be incurred by Plaintiff in an amount presently unknown. All the above sums have been demanded, but FPS and Minkus have failed and refused to pay the amounts due.

WHEREFORE, Plaintiff Commerce Bank, N.A. prays:

That a warrant for the arrest of the S/V FALCON may issue and that all persons claiming any interest in said Vessel be cited to appear and answer the matter aforesaid;

That the Mortgage be declared to be a preferred mortgage and a valid maritime lien in the amount of $1,141,010.20 as of August 23, 2006 with interest at the daily rate of $205.86 until the principal and all outstanding interest thereon is paid, plus default penalties, a reasonable attorney's fee and all other amounts required to be disbursed by Plaintiff for the care and preservation of the vessel as well as the cost of any additional insurance on said vessel, including custodial costs; and all other advances, expenses, attorney's fees, costs and disbursements of Plaintiff herein; such lien to be prior and superior to the interests, liens or claims of any and all persons, firms, or corporations whatsoever;

That S/V FALCON, her engines, rigging, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest and costs; and that the Plaintiff may become a purchaser at any sale of the mortgaged property up to the amount of the mortgage lien without deposit of funds;

That it be decreed that any and all persons, firms or corporations claiming any interest in the S/V FALCON are forever barred and foreclosed of and from all right or equity of redemption, or claim of, in or to the mortgaged vessel and every part thereof;

For a judgment and decree in personam against Defendant Falcon Promotional Services, LLC for any balance due under the Mortgage which cannot be satisfied by the proceeds of the sale of the vessel S/V FALCON; and

For such other and further relief as the Court deems just and proper in the premises.

Dated: Oct. 4, 2006

COMMERCE BANK, N.A.
By its Attorneys,

Norman A. Peloquin, II (RI Bar No. 4146)
Of Counsel, Saunders & Saunders, LLP
16 Main Road, P.O. Box 65
Adamsville, RI 02128
Tel. (401) 635-9100
Fax (401) 635-9125

Of Counsel:
BLANK ROME LLP
Jeffrey S. Moller
One Logan Square
Philadelphia, PA 19103
Tel. (215) 569-5792
Fax (215) 832-5792

**VERIFICATION**

I, Jennifer Zimmerman, state under penalty of perjury that I am a Vice President of Commerce Bank, N.A., Plaintiff in the within matter, that I am authorized to make this verification on behalf of Plaintiff, that I have read the foregoing Complaint and hereby verify that the contents thereof are true and correct to the best of my knowledge, information and belief.

JENNIFER ZIMMERMAN

DATE: Sept. 13, 2006