**EXHIBIT B**

*0123000000132111731601321116*

# COMMERCIAL GUARANTY

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | 11SH / 17SH | | *** | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Mark Minkus (SSN: 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)
51 Weiss Road
Upper Saddle River, NJ 07458

**Lender:** Commerce Bank/Shore, N.A.
1101 Hooper Avenue
CN - 2050
Toms River, NJ 08754

**Guarantor:** Falcon Promotional Services, LLC (TIN: 11-6322225) Wharf Mall
47 Long Warf Mall
Newport, RI 02640

---

INDEX. The following index is for convenience purposes only and is not to be used to interpret or to define any provisions of this Guaranty.


1. DEFINITIONS
   - (A) Borrower
   - (B) Guarantor
   - (C) Guaranty
   - (D) Indebtedness
   - (E) Lender
   - (F) Note
   - (G) Related Documents
2. AMOUNT OF GUARANTY
3. CONTINUING UNLIMITED GUARANTY
4. INDEBTEDNESS GUARANTEED
5. DURATION OF GUARANTY
6. GUARANTOR'S AUTHORIZATION TO LENDER
7. GUARANTOR'S REPRESENTATIONS AND WARRANTIES
8. GUARANTOR'S WAIVERS
9. GUARANTOR'S UNDERSTANDING WITH RESPECT TO WAIVERS
10. RIGHT OF SETOFF
11. SUBORDINATION OF BORROWER'S DEBTS TO GUARANTOR
12. MISCELLANEOUS PROVISIONS
    - (A) Amendments
    - (B) Attorneys' Fees; Expenses
    - (C) Caption Headings
    - (D) Governing Law
    - (E) Integration
    - (F) Interpretation
    - (G) Notices
    - (H) No Waiver by Lender
    - (I) Successors and Assigns


1. **DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Guaranty. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Guaranty shall have the meanings attributed to such terms in the Uniform Commercial Code:

(A) **Borrower.** The word "Borrower" means Mark Minkus, and all other persons and entities signing the Note in whatever capacity.

(B) **Guarantor.** The word "Guarantor" means each and every person or entity signing this Guaranty, including without limitation Falcon Promotional Services, LLC.

(C) **Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**8. GUARANTOR'S WAIVERS.** Except as prohibited by applicable law, Guarantor waives any right to require Lender (A) to continue lending money or to extend other credit to Borrower; (B) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the Indebtedness or of any nonpayment related to any collateral, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the Indebtedness or in connection with the creation of new or additional loans or obligations; (C) to resort for payment or to proceed directly or at once against any person, including Borrower or any other guarantor; (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person; (E) to give notice of the terms, time, and place of any public or private sale of personal property security held by Lender from Borrower or to comply with any other applicable provisions of the Uniform Commercial Code; (F) to pursue any other remedy within Lender's power; or (G) to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever.

Guarantor also waives any and all rights or defenses arising by reason of (A) any "one action" or "anti–deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale; (B) any election of remedies by Lender which destroys or otherwise adversely affects Guarantor's subrogation rights or Guarantor's rights to proceed against Borrower for reimbursement, including without limitation, any loss of rights Guarantor may suffer by reason of any law limiting, qualifying, or discharging the Indebtedness; (C) any disability or other defense of Borrower, of any other guarantor, or of any other person, or by reason of the cessation of Borrower's liability from any cause whatsoever, other than payment in full in legal tender, of the Indebtedness; (D) any right to claim discharge of the Indebtedness on the basis of unjustified impairment of any collateral for the Indebtedness; (E) any statute of limitations, if at any time any action or suit brought by Lender against Guarantor is commenced, there is outstanding Indebtedness of Borrower to Lender which is not barred by any applicable statute of limitations; or (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness. If payment is made by Borrower, whether voluntarily or otherwise, or by any third party, on the Indebtedness and thereafter Lender is forced to remit the amount of that payment to Borrower's trustee in bankruptcy or to any similar person under any federal or state bankruptcy law or law for the relief of debtors, the Indebtedness shall be considered unpaid for the purpose of the enforcement of this Guaranty.

Guarantor further waives and agrees not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by the Borrower, the Guarantor, or both.

**9. GUARANTOR'S UNDERSTANDING WITH RESPECT TO WAIVERS.** Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.

**10. RIGHT OF SETOFF.** In addition to all liens upon and rights of setoff against Guarantor's money, securities or other property given to Lender by law, Lender shall have, with respect to Guarantor's obligations to Lender under this Note and to the extent permitted by law, a contractual possessory security interest in and a contractual right of setoff against, and Guarantor hereby assigns, conveys, delivers, pledges and transfers to Lender all of Guarantor's right, title and interest in and to, all of Guarantor's deposits, moneys, securities and other property now or hereafter in the possession of or on deposit with, or in transit to Lender or any other direct or indirect subsidiary of Commerce Bancorp, Inc. whether held for safekeeping or otherwise, excluding, however, all IRA, Koegh, and trust accounts. Every such security interest and right of setoff may be exercised without demand upon or notice to Guarantor. Every such right of setoff shall be deemed to have been exercised immediately upon the occurrence of an Event of Default hereunder without any action of Lender, although Lender may enter such setoff on its books and records at a later time.

**11. SUBORDINATION OF BORROWER'S DEBTS TO GUARANTOR.** Guarantor agrees that the Indebtedness of Borrower to Lender, whether now existing or hereafter created, shall be superior to any claim that Guarantor may now have or hereafter acquire against Borrower, whether or not Borrower becomes insolvent. Guarantor hereby expressly subordinates any claim Guarantor may have against Borrower, upon any account whatsoever, to any claim that Lender may now or hereafter have against Borrower. In the event of insolvency and consequent liquidation of the assets of Borrower, through bankruptcy, by an assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Borrower applicable to the payment of the claims of both Lender and Guarantor shall be paid to Lender and shall be first applied by Lender to the Indebtedness of Borrower to Lender. Guarantor does hereby assign to Lender all claims which it may have or acquire against Borrower or against any assignee or trustee in bankruptcy of Borrower; provided however, that such assignment shall be effective only for the purpose of assuring to Lender full payment in legal tender of the Indebtedness. If Lender so requests, any notes or credit agreements now or hereafter evidencing any debts or obligations of Borrower to Guarantor shall be marked with a legend that the same are subject to this

**EACH UNDERSIGNED GUARANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS GUARANTY AND AGREES TO ITS TERMS. IN ADDITION, EACH GUARANTOR UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UPON GUARANTOR'S EXECUTION AND DELIVERY OF THIS GUARANTY TO LENDER AND THAT THE GUARANTY WILL CONTINUE UNTIL TERMINATED IN THE MANNER SET FORTH IN THE SECTION TITLED "DURATION OF GUARANTY". NO FORMAL ACCEPTANCE BY LENDER IS NECESSARY TO MAKE THIS GUARANTY EFFECTIVE. THIS GUARANTY IS DATED MARCH 5, 2003.**

**THIS GUARANTY IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS GUARANTY IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

**GUARANTOR:**

**FALCON PROMOTIONAL SERVICES, LLC**

By: ______________________________ (Seal)
Authorized Signer for Falcon Promotional Services, LLC

Signed, acknowledged and delivered in the presence of:

X______________________________
Witness

X______________________________
Witness

LASER PRO Lending, Ver. 5.19.30.01 Copr. Harland Financial Solutions, Inc. 1997, 2003. All Rights Reserved. - NJ p:\LPWIN\CFI\LPL\E20.FC TR-118428 PR-218