IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COMMERCE BANK, N.A.,

Plaintiff,

vs.

S/V FALCON (O.N.1141354), her engines, rigging, tackle, apparel, appurtenances, etc., *in rem*, and FALCON PROMOTIONAL SERVICES, LLC, *in personam*,

Defendants.

CA 06 439 T-DLM

CIVIL ACTION NO.
**IN ADMIRALTY**

## *EX PARTE* MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

NOW COMES plaintiff, COMMERCE BANK, N.A., and, by and through its attorneys, moves *ex parte* for an order appointing New England Boatworks, Inc., a marine builder and repair facility located at One Lagoon Road, Portsmouth, Rhode Island 02871 (hereinafter referred to as "NEBW") as substitute custodian of defendant vessel, FALCON (O.N. 1141354), her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto (hereinafter referred to as "Vessel"), permitting the proposed custodian to take all reasonable steps necessary for the safekeeping of the Vessel, including (a) inside dry storage of the Vessel; (b) outside storage of the Vessel's mast; (c) outside storage of the Vessel's rigging, tackle and appurtenances; (d) monthly inspections of the Vessel; and (e) other necessary and reasonable undertakings for the preservation, safekeeping, and security of the Vessel and carry out such other duties as may be required by this Honorable Court or the United States Marshal, all as outlined with more particularity in the accompanying Affidavit of Thomas Rich.

As grounds for this motion, plaintiff states the following reasons:

1. This is an *in rem* action to enforce a preferred mortgage lien against the Vessel pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and the Ship Mortgage Act of 1920, as amended and recodified in Title 46, United States Code, sections 31301 *et seq*. Plaintiff has filed the Verified Complaint in Admiralty in the above-captioned action containing a prayer for *in rem* arrest of the Vessel in order to secure the outstanding debt. Plaintiff has requested that this Honorable Court issue an *in rem* warrant of maritime arrest pursuant to Supplemental Rule C(3). If a warrant is issued, the process will direct the United States Marshal to forthwith arrest defendant Vessel. Upon execution of the *In Rem* Warrant, the Marshal will retain the services of one or more keepers to maintain and keep the Vessel during the course of this litigation.

2. As an alternative to the retention of a keeper by the United States Marshal, plaintiff herein represents that the proposed substitute custodian can adequately provide for the safekeeping of the Vessel during the pendency of this action in lieu of the United States Marshal, and hereby consent to its appointment.

3. The proposed substitute custodian, by affidavit attached hereto, has agreed to assume responsibility for the safekeeping of the Vessel. The proposed substitute custodian will provide or arrange for all necessary services for the preservation and safekeeping of the Vessel including, but not limited to, storage of the Vessel and its rigging, and other necessary and reasonable undertakings for the preservation, safekeeping, and security of the Vessel, as outlined in the attached affidavit.

4. By affidavit, the proposed substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States Marshal and the United States of America from any and all liability and responsibility arising out of the care, custody, and control of defendant Vessel, her tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto, from the time the Marshal delivers possession of the Vessel to the substitute custodian. The proposed substitute custodian further agrees to hold harmless and indemnify the United States Marshal and the United States of America from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of defendant Vessel.

5. The proposed substitute custodian, by affidavit, will accept custody of defendant Vessel, her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto, in accordance with the terms and conditions of the proposed order of appointment.

WHEREFORE, plaintiff, COMMERCE BANK, N.A., hereby requests that this Honorable Court grant this motion and appoint the nominee, New England Boatworks, Inc of One Lagoon Road, Portsmouth, Rhode Island 02871, as substitute custodian of defendant Vessel, FALCON (O.N. 1141354), her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto, for the pendency of this action. A proposed order appointing the proposed substitute custodian is attached hereto.

Dated: October 4, 2006

Respectfully submitted,

COMMERCE BANK, N.A.
By its Attorneys,
NORMAN A. PELOQUIN, II, P.C.

Norman A. Peloquin, II, Esquire
*Of Counsel*, Saunders & Saunders, LLP
16 Main Road, P.O. Box 65
Adamsville, RI 02801
Tel. (401) 635-9100
Fax (401) 635-9125

*Of Counsel*:

Jeffrey S. Moller
BLANK ROME LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Tel. (215) 569-5792
Fax (215) 832-5792